IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Azeem Khan, Tanveer Azmat, and <br> All Others Similarly Situated <br>   Plaintiffs, <br><br> v. <br><br> Breaktime Corner Market, L.L.C., and <br> Aldine Westfield Investments, L.L.C. <br>   Defendants. | Civil Action <br> File No. 4:21-cv- <br><br> Jury Demanded |

## PLAINTIFFS' ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Azeem Khan and Tanveer Azmat ("Plaintiffs"), and all others similarly situated, and complain of Defendants Breaktime Corner Market, L.L.C. and Aldine Westfield Investments, L.L.C., ("Defendants"). For cause of action, Plaintiffs would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiffs and Members of the Plaintiff Class file this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime and straight-time wages from Defendants Breaktime Corner Market, L.L.C. and Aldine Westfield Investments, L.L.C.

2. The Defendants own and operate fifty (50) or more gasoline stations and convenience stores in and around Texas and Louisiana ("Gas Stations").

3. In violation of the FLSA, Defendants failed to pay overtime wages to Plaintiffs Khan and Azmat, and to Members of the Plaintiff Class. Plaintiffs and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). Further, both Plaintiffs received

1

no wages for the last few weeks of their respective employment with the Defendants, for which they now sue.

4. The Defendants engage in a company-wide, uniformly applied, policy that results in the non-payment of employees' wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiffs and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiffs file suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Azeem Khan**, is a resident of Harris County, Texas. Mr. Khan was an employee who worked as a store clerk at several of Defendants' Gas Stations in Houston, Harris County, Texas.

9. Plaintiff, **Tanveer Azmat**, is a resident of Harris County, Texas. Mr. Azmat was an employee who worked as a store clerk at several of Defendants' Gas Stations in Houston, Harris County, Texas.

10. **Members of the "Plaintiff Class"** are current and former non-exempt employees of the Defendants who work, or worked, at one or more Gas Stations operated and/or controlled by the Defendants during the relevant period, and who did not receive their overtime wages during one or more workweek.

11. Defendant, **Breaktime Corner Market, L.L.C.,** is a validly existing Delaware limited liability company that may be served with summons and complaint by serving its duly

appointed registered agent, Shahida Hafeez, at 6300 Richmond Avenue, Suite 300, Houston, Texas 77057. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, by operating Gas Stations in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

12. Defendant, **Aldine Westfield Investments, L.L.C.,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Shahida Hafeez, at 6300 Richmond Avenue, Suite 300, Houston, Texas 77057. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, by operating Gas Stations in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

13. Whenever this complaint alleges the Defendants committed any act or omission, it is meant that such act / omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

14. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

15. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

16. At all material times, each Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

3

17. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

18. Defendants, and their subsidiaries, are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

19. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1). Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

20. Each Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs seek class certification pursuant to 29 U.S.C. § 216(b), and the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

22. Class certification is appropriate as to all similarly situated store clerks at Defendants' Gas Stations, which include, without limitation, the following:

   1) Break Time (Shell) 1890 W. Texas Avenue, Waskom 75692

   2) Texarkana Travel Center (Exxon) 4020 S. Lake Drive, Texarkana 75501

   3) Robstown Travel Center (Mobil) 950 S. Highway 77, Robstown, Texas 78380

   4) Queen Speedy Stop (Valero) 402 US Highway 59 S, Queen City, Texas 75572

   5) Orange – Breaktime (Valero) 3900 N. 16th Street, Orange, Texas 77632

   6) North Richland (Exxon) 7605 Boulevard 26, North Richard Hills, Texas 76180

7) Longview Break Time (Chevron) 1721 Old Kilgore, Longview, Texas 75606

8) Kilgore- Breaktime (Exxon) 2810 Hwy 259 N, Kilgore 75662

9) KK Mart (Exxon) 227 N. Henderson, Kilgore, Texas 75662

10) Break Time (Shell) 105 S Walcott St, Jefferson Texas 75657

11) Irving – Break Time 24 (Shell) 4125 W Airport Freeway, Irving, Texas 75062

12) Humble-Farooq Chevron (Chevron) 110 1st Street West, Humble, Texas 77338

13) Break Time 1960 (Exxon) FM 1960 Attosida, Humble, Texas 77338

14) Bellfort – Breaktime (Citgo) 8599 W. Bellfort, Houston, Texas 77071

15) 610 Citgo Long – Breaktime (Citgo) 6015 Long Drive, Houston, Texas 77087

16) Highway 6 Chevron (Chevron) 6102 Highway 6 N., Houston, Texas 77084

17) Break Time Parker Shell 234 W. Parker, Houston, Texas 77076

18) Break Time Beechnut Valero 8103 S.W. Freeway, Houston, Texas 77074

19) Uvalde, Shell 13401 East Freeway, Houston, Texas 77015

20) Break Time Reliant Stadium Shell 7901 S. Main Street, Houston, Texas 77025

21) Lockwood Travel Center (Chevron) 990 Lockwood Drive, Houston, Texas 77020

22) 290 Chevron 6530 West 43rd Street, Houston, Texas 77092

23) Break Time – Woodforest (Chevron) 14647 Woodforest Boulevard, Houston, Texas 77015

24) Break Time Harwin (Exxon) 6500 S.W. Freeway, Houston, Texas 77074

25) Break Time Cross Timbers (Valero) 1333 Crosstimbers Street, Houston, Texas 77022

26) Break Time Belfort 4904 W. Belfort Boulevard, Houston, Texas 77035

27) Break Time Store 36 (Chevron) 2602 Richmond Avenue, Houston, Texas 77098

28) Tiger Trac (Texas Stop Shop) Valero 2404 E. Wellsville Road, Highlands, Texas 77562

29) Grand Prairie (Shell) 2095 Hwy 360, Grand Prairie, Texas 75050

30) Galveston Speedy Stop (Exxon) 6026 Seawall Boulevard, Galveston, Texas 77551

31) Break time 25 Valero 101 Long Horn Road, Fort Worth, Texas 76179

32) Break Time – White Settlement (Shell) 9836 White Settlement Road, Fort Worth, Texas 76108

33) Break Time 26 (Chevron) 103 S. Cedar Ridge Road, Duncanville, Texas 75116

34) Break Time 27 (shell) 1155 Redbird, Dallas, Texas 75241

35) Thornton Dallas (Valero) 6500 Srl. Thornton Freeway, Dallas, Texas 75232

36) Break Time Dallas (Shell) 6449 Green Ville Avenue, Dallas, Texas 75206

37) Break Time (Chevron) 12531 Lake June Road, Blanch Spring, Texas 75056

38) Baytown Travel Center (Chevron) 1901 East Freeway, Baytown, Texas 77521

39) Arlington – Break Time (Valero) 3100 Meadowbrook, Arlington, Texas 76102

40) Break Time Calion Investments (Valero) 7911 Calion Highway, Calion, Arkansas 71730

41) Break Time Angelton (Valero) 1235 E. Mulberry Street, Angleton, Texas 77515

42) Alvin Shell (Shell) 2700 FM 528 Road, Alvin, Texas 77511

43) Corner Market (Mobil) 23307 Aldine Westfield Road, Spring, Texas 77373

44) Corner Store (Valero) 2330 E. Nasa Parkway, Houston, Texas 77058

45) Corner Mart #34 (Shell) 4910 Barksdale Boulevard, Bossier City, Louisiana 71111

46) Corner Mart #33 (Shell) 5454 W 70th Street, Shreveport, Louisiana 71129

47) CornerMarket 71 (Circle K) 4250 Greenwood, Shreveport, Louisiana 71109

48) Corner Market 72 (Circle K) 6976 Jewell Avenue, Shreveport, Louisiana 71109

49) CornerMarket 73 (Shell)1501 N 18th Street, Monroe, Louisiana 71201

50) CornerMarket 74 (Valero) 8800 Jewella Avenue, Shreveport, Louisiana 71108

51) CornerMarket 75 (Exxon) 5109 Monkhouse Drive, Shreveport, Louisiana 71109

52) CornerMarket 76 (Exxon) 3154 N. Market, Shreveport, Louisiana 71109

23. Each Plaintiff worked at several of the above locations in Houston, Texas.

24. Mr. Khan worked at the 23307 Aldine Westfield Corner Market Mobil, and the 2330 E. Nasa Parkway Corner Store Valero.

25. Mr. Azmat worked at the 1807 W. 43rd Street Corner Store Valero, and the 990 Lockwood Drive Chevron.

26. Defendant Breaktime Corner Market, L.L.C. owns and operates a majority of the Gas Stations, either directly or via ownership and control of subsidiaries. Plaintiffs seek notice to issue to all non-exempt store clerks of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

27. Each Plaintiff worked overtime hours for which he received no overtime wages.

28. Defendants' wide-spread policy and practice violated the FLSA because it allows the Defendants to avoid payment of their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

29. By failing to properly document the overtime hours and the related overtime pay owed to Plaintiffs and to Members of the Plaintiff Class, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

30. During the class period, the Defendants owned, controlled and operated the aforementioned businesses, and they implemented an illegal pay policy across their enterprise that was shared by all of the Gas Stations.

31. Defendants' uniform policy of paying their employees straight-time wages for overtime hours worked is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

32. Members of the Plaintiff Class and the Plaintiffs have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

33. Each Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

34. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b), and in accordance with the standard set forth by the Fifth Circuit recently in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

35. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiffs, and are thus appropriate members of the Plaintiff Class.

36. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior

to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

37. Thus, Plaintiffs seek to represent a class comprised of <u>all store clerks (a) who were paid at a straight-time hourly rate for hours worked in excess of forty in any workweek during the relevant period and (b) who worked or currently work at any Gas Station owned and/or managed now or in the past by Defendants Breaktime Corner Market, L.L.C. and/or Aldine Westfield Investments, L.L.C., or by any legal entity / subsidiary in which one or both Defendants have/had an ownership interest or a management interest</u>.

38. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

*Plaintiff Azeem Khan's employment with the Defendants*

39. Mr. Khan worked for the Defendants as a store clerk from July 8, 2019, until December 16, 2019.

40. During this period, Mr. Khan worked at the following two locations owned and operated by the Defendants: Corner Market (Mobil) at 23307 Aldine Westfield Road, Spring Texas 77373, and Corner Store (Valero) at 2330 E. Nasa Parkway, Houston, Texas 77058.

41. Upon Defendants' direction, Mr. Khan worked overtime hours on a weekly basis, averaging well in excess of 40 hours a week.

42. At the time Mr. Khan was hired, Defendants informed him that his pay rate would be $20.00 per hour, and that he would receive no overtime pay.

43. Mr. Khan received pay every Friday. During the first 3 to 4 weeks, Mr. Khan received all of his wages with cash. Thereafter, he received his pay with checks.

44. Defendants also failed to pay Mr. Khan all of his wages during the last few weeks of his employment, for which he sues in addition to his unpaid overtime claim.

*Plaintiff Tanveer Azmat's employment with the Defendants*

45. Defendants employed Mr. Azmat as a store clerk from June 18, 2019, until December 11, 2019.

46. During this period, Mr. Azmat worked at the following two locations owned and operated by the Defendants: Corner Market (Valero) at 1807 W. 43rd Street, Houston, Texas 77018, and Lockwood Travel Center – Truck Stop (Chevron) at 990 Lockwood Drive, Houston, Texas 77020.

47. Upon Defendants' direction, Mr. Azmat worked overtime hours on a weekly basis, averaging well in excess of 40 hours a week.

48. At the time Mr. Azmat was hired, Defendants informed him that his pay rate would be $18.00 per hour, and that he would receive no overtime pay.

49. Mr. Azmat received pay every Friday. During the first 4 weeks, Mr. Azmat received all of his wages with cash at $18.00 per hour. Thereafter, he received his pay with checks ($15.00 / hour), plus cash ($3.00 / hour). Mr. Azmat received no overtime pay under either pay scheme.

50. Defendants also failed to pay Mr. Azmat all of his wages during the last two weeks of his employment, for which he sues in addition to his unpaid overtime claim.

51. Like Messrs. Khan and Azmat, all Members of the Plaintiff Class received no overtime wages because Defendants have a wide-spread policy of paying straight-time wages for overtime hours worked.

52. The Defendants own(ed), control(led) and/or operate(d) the Gas Stations where Plaintiffs and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of these businesses.

53. Likewise, the Defendants controlled each Plaintiff's terms and conditions of employment, including all decisions pertaining to the payment or non-payment of wages owed (i.e., non-payment of overtime wages and some straight-time wages), each Plaintiff's hourly pay rate, the number of hours each Plaintiff worked during each workweek, and the form of payment of wages (i.e., each Plaintiff's wages were paid with check and/or cash).

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**Violation of the FLSA –**
**Failure to pay overtime wages to Plaintiffs and all others similarly situated**

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55. Defendants' practice of not paying each Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

56. Each Plaintiff and each Member of the Plaintiff Class is a non-exempt employee – that is, each is entitled to receive overtime wages under the FLSA for all hours worked in excess of 40 during each seven-day workweek.

57. During their employment with the Defendants, Plaintiffs and Members of the Plaintiff Class worked overtime hours on a weekly basis at Defendants' request.

58. Defendants informed Plaintiffs and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

59. Defendants knowingly usurped their legal obligation to pay employees' overtime under the FLSA.

60. Plaintiffs and Members of the Plaintiff Class received no overtime wages resulting from Defendants' widespread and uniform policy of paying straight-time wages for overtime hours worked.

61. Because Defendants have a widespread policy and practice of not paying their employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

62. As such, Plaintiffs and the similarly situated Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

63. Plaintiffs also seek all unpaid straight-time wages pursuant to 29 U.S.C. § 206.

64. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiffs and Members of the Plaintiff Class seek liquidated damages in amounts equaling their unpaid overtime wages, and as applicable, straight-time wages.

65. Further, Plaintiffs and Members of the Plaintiff Class seek attorneys' fees and costs for bringing this action pursuant to the FLSA.

66. 29 U.S.C. §216(b) states, partly, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

67. Plaintiffs and Members of the Plaintiff Class also seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

68. Plaintiffs and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Azeem Khan and Tanveer Azmat, and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable

Court grant relief against Defendants Breaktime Corner Market, L.L.C. and Aldine Westfield Investments, L.L.C., jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated employees employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants violated 29 U.S.C. § 206 by failing to pay some of each Plaintiff's (and if applicable, of Members of the Plaintiff Class') straight-time wages;

d. Declare the Defendants' violations of the FLSA are willful;

e. Order Defendants to pay unpaid overtime wages, straight-time wages, and liquidated damages to each Plaintiff and to Members of the Plaintiff Class, as applicable;

f. Order Defendants to pay all reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. §216(b);

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, assessed against the Defendants; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to the Plaintiffs and to Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
　　**Salar Ali Ahmed**
　　Federal Id. No. 32323
　　State Bar No. 24000342
　　430 W. Bell Street
　　Houston, Texas 77019
　　Telephone: (713) 898-0982
　　Email: aahmedlaw@gmail.com

　　Attorney for Plaintiffs
　　Azeem Khan and Tanveer Azmat, and
　　Members of the Plaintiff Class